BURGESS *v.* STATE OF INDIANA.

[Nos. 24,320, 24,321. Filed March 21, 1924.]

1. CRIMINAL LAW.—*Unlawful Search Warrant.—Waiver of Objections to.*—The fact that evidence against the defendant was obtained by an unlawful search warrant does not affect the sufficiency of the evidence to sustain a conviction where the evidence obtained in the search was admitted without objection, the failure to object being a waiver by the defendant of his

Burgess *v.* State—194 Ind. 406.

constitutional right, and the evidence is properly before the trial court for consideration. p. 408.

2. CRIMINAL LAW.—*Unlawful Search Warrant.—Search Made on Invitation Valid.*—Evidence obtained in a search of defendant's home is admissible where the defendant invited the officers to make the search, although the search warrant under which the officers were acting in making the search was invalid. p. 408.

From Marion Criminal Court; (53,985) (53,646); *James A. Collins,* Judge.

Orville Burgess was convicted in two separate prosecutions for violations of the Prohibition Law, and he appeals. *Affirmed.*

*Joseph T. Markey,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, in the Marion Criminal Court, in two separate prosecutions, was tried and convicted of offenses, alleged to have been committed on June 20, 1922, and November 15, 1922, as defined by an Act of the Legislature in force May 31, 1921. Acts 1921 p. 736, §1, §8356d Burns' Supp. 1921, amending §4, Acts 1917 p. 15. From the judgment in each case, appellant has perfected an appeal, and they are here designated as Causes Nos. 24,320 and 24,321. Appellant's motion for a new trial in each case on the ground of insufficient evidence and that the finding of the court was contrary to law was overruled. These rulings are assigned as error.

Cause No. 24,320 was presented by an indictment and the other by an affidavit in several counts, wherein it appears that the maker thereof, in view of the facts disclosed by the record, was not greatly concerned about the facts covered by his oath. The judgment on the findings of the court in each case was rendered on the same day, January 24, 1923. The same question, in

principle, is presented in each case, and for the purpose of an opinion and decision of that question, these cases are consolidated.

Appellant insists that the finding of the court was not sustained by sufficient evidence, in that the State failed to introduce in evidence the search warrant which the officer making the search claimed to have. In Cause No. 24,321, there is no showing or attempt to show the authority of the officers to enter appellant's home and make the admitted search. There was only one witness who testified on behalf of the state. This witness was a police officer of the city of Indianapolis, and, for aught appearing, he unlawfully entered the home of appellant and made the search and seizure claimed by him. He testified to what was said between appellant and himself at the time of making the search, as also concerning what he saw and seized as a result of the search. Appellant asserts that the evidence thus obtained and admitted was in violation of the constitutional provision against unreasonable searches and seizures, and, therefore, incompetent for any purpose, and should not be considered in determining the guilt or innocence of the defendant. This evidence was admitted without objection. It was not *per se* inadmissible, and appellant's failure to object to its introduction until the proper foundation was laid authorizing its admission was a waiver by him of his constitutional right, and to which, under the state of this record, he cannot claim the benefit successfully on appeal. This evidence was properly before the court for its consideration.

Now, as to Cause No. 24,320, it appears from the evidence without any dispute that when the officers arrived at appellant's home, they told him they had a search warrant to search his premises for liquor, whereupon appellant replied: "You don't need

to read the warrant to me. Boys, all you will find in there", is a little beer. He then invited the officers into his house. At the trial, there was an objection to the officers telling what was said and done, what they saw and found in appellant's home. The objection lodged against questions calling for this evidence was predicated upon the state's failure to make proof of the affidavit and search warrant authorizing the officers to make the search and to seize the liquor they there obtained. This being the state of the record, it may be reasonably said that the search of appellant's home was made by his invitation, and hence within the rule announced by this court in *Meno* v. *State* (1924), 142 N. E. (Ind.) 382.

The conclusion we have reached in each of the above cases is decisive of the question presented against appellant's contention. We therefore hold that the evidence was amply sufficient to sustain the court's finding of guilty as to count 2 of the affidavit charging the unlawful manufacture and the unlawful possession of intoxicating liquor with intent to sell, furnish and otherwise dispose of the same, and to sustain the finding of the court as to the charge in the indictment, which was the same as that presented by count 2 of the affidavit.

The judgment of the trial court in each of the cases herein considered is affirmed.